**CHAS. PFIZER & CO., Inc., Plaintiff,**

v.

**VITAMIX PHARMACEUTICALS, INC.,**
**Defendant.**

**Civ. A. No. 35119.**

United States District Court
E. D. Pennsylvania.

July 20, 1965.

———◆———

Thomas Raeburn White, Jr., Michael H. Malin, White & Williams, Philadelphia, Pa., Thomas S. Lodge, Arthur Connolly, Connolly, Bove & Lodge, Wilmington, Del., for plaintiff.

Arthur H. Seidel, Seidel & Gonda, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This action is based upon defendant's alleged infringement of plaintiff's United States Patent No. 2,699,054 on a medicine called Tetracycline. The action in this court was preceded by an action before the Federal Trade Commission in which plaintiff was charged with unfair competition in the production and sale of antibiotics in that it monopolized the Tetracycline industry and obtained its patent on Tetracycline by making false, misleading and incorrect statements in its application for the patent. The Federal Trade Commission Examiner ordered the charges against plaintiff dismissed. On review in an opinion written by then Commissioner (now Judge of this Court) A. Leon Higginbotham, Jr., the Commission reversed its Examiner and decided that the unfair competition charges had been proved, but stated specifically that it was not passing upon the validity of the Tetracycline patent.

Also prior to the filing of the action in this court, a criminal antitrust action was filed against plaintiff, its president and other officers, in the United States District Court for the Southern District of New York.

The decision of the Federal Trade Commission has been appealed to the Court of Appeals for the Sixth Circuit where it will not be argued at least until December, 1965. The criminal antitrust action in New York has not yet been tried.

Defendant has filed a motion in this court to stay discovery and all other proceedings in this court pending final disposition of the above-mentioned actions in the Sixth Circuit and in the Southern District of New York contending that the decisions in these cases will dispose of, or at least be helpful in the case in this court. It seems quite clear that these actions will not dispose of the question of the validity of the patent in question. It may be that comments will be made in the opinions in the other cases which will be of some help. However, it seems to me, that the case in this court will have to be decided primarily on the evidence produced here in the light of applicable law and that very little help will be obtained from the results of the ac-

tions in the Sixth Circuit and the Southern District of New York. The advantage to be gained by waiting for the decisions in the other two cases would be offset by the injustice to plaintiff, which has a right in the action in this court to obtain a legal decision as quickly as possible on the question of the validity of its Tetracycline patent. It follows, therefore, that defendant's motion to stay discovery and other proceedings in this court until the actions in the Sixth Circuit and in the Southern District of New York have been terminated, should be denied.